VENABLE LLP
Daniel S. Silverman (SBN 137864)
Bety Javidzad (SBN 240598)
Email:   dsilverman@venable.com
         bjavidzad@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Plaintiff
PRESSER DIRECT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESSER DIRECT, LLC, a California limited liability company, <br><br>                        Plaintiff, <br><br>          v. <br><br> LIFESMART CORP., a Texas limited liability company, formerly doing business as SOURCE NETWORK SALES AND MARKETING, LLC; and DOES 1-15, inclusive, <br><br>                        Defendants. | CASE NO. 2:14-cv-5473 <br><br> **COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT 43(A); FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

8130850-v1

Plaintiff PRESSER DIRECT, LLC ("Presser" or "Plaintiff") hereby alleges as follows:

## I. PARTIES

1. Plaintiff Presser Direct, LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

2. On information and belief, Defendant LIFESMART Corp., formerly doing business as SOURCE NETWORK SALES AND MARKETING, LLC ("LIFESMART" or "Defendant"), is a Texas limited liability company, with its principal place of business in Plano, Texas.

3. Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 15, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that LIFESMART and each of the fictitiously named Doe defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each defendant was the agent, alter ego, conspirator, and aidor and abettor of the other defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5. As described further below, LIFESMART sells and/or distributes products, including the products which are the subject of this action, in the greater Los Angeles area, and throughout the United States.

## II. JURISDICTION AND VENUE

6. This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. This action seeks redress for LIFESMART's deliberate and unlawful false and misleading representations regarding two models of its portable electric room infrared heaters, specifically: 1) the LifeSmart 2000 Sq. Ft. Infrared Heater, Model LS1000HH13 (the "LS1000HH13 model"); and 2) the 4-in-1 Air Commander Wood (the "LS-4CH-SIQT model") (collectively, the "LifeSmart Products"). Plaintiff is informed and believes that these products have been packaged, marketed and sold by LIFESMART based on the following representations:

- the LS1000HH13 model, which sells for as low as $159.95 and as high as $199.95 on HSN, heats up to 2,000 square feet; and
- the LS-4CH-SIQT model, which according to LIFESMART's website sells for $299.00, heats up to 1,800 square feet.

9. This action also seeks redress for the unfair, unlawful and fraudulent business practices of all Defendants, each of whom have participated in making the false advertising claims relating to the LifeSmart Products in California and nationwide.

### A. Plaintiff and SeasonAire

10. Presser develops, purchases and imports products for sale in the United States.

11. One of the products Presser imports for sale in the United States, which has substantially the same features as the LifeSmart Products, is called the

SeasonAire 6-in-1 Heater & Air Purifying System ("SeasonAire"), which sells on HSN for $249.95. Among other similarities, with respect to the heating element, the SeasonAire has a similar number of British Thermal Units ("BTUs") of energy as the LifeSmart Products. A BTU is the standard measurement used to state the amount of output of any heat generating device.

12. Plaintiff has consulted with independent experts regarding how much space SeasonAire is capable of heating. The experts concluded that SeasonAire can heat up to approximately 1000 square feet.

### B. LIFESMART and the LifeSmart Products

13. LifeSmart specializes in the marketing of products, including the LifeSmart Products, on the internet.

14. With respect to the LS1000HH13 model, LIFESMART makes the following representation, among others, on various websites, including HSN: "Rated to heat an unobstructed area up to 2000 sq. ft." This representation appears in the name of the product itself as the full name for this model as it appears on HSN (and other websites) is "LifeSmart 2000 Sq. Ft. Infrared Heater." The LS1000HH13 model sells for as low as $159.95 and as high as $199.95 on HSN. A true and correct copy of the portion of HSN's website making this representation is attached hereto as **Exhibit A**.

15. With respect to the LS-4CH-SIQT model, LIFESMART's website makes, among others, the following representation: "**heats up to an 1800 sq. ft. room**" (emphasis in original). The LS-4CH-SIQT model retails for $299.00. A true and correct copy of the portion of LIFESMART's website making this representation is attached hereto as **Exhibit B**.

16. Plaintiff is informed and believes that, in addition to HSN and LIFESMART's website, which both reach consumers throughout the United States, LIFESMART has engaged in other forms of marketing and advertising of the LifeSmart Products.

17. Independent experts have purchased and examined the LS1000HH13 model and reviewed its specifications.

18. Based on the testing performed , as well as other testing performed by other independent experts on behalf of Presser, as well as countless consumer reviews, it is not possible for the LifeSmart Products to heat anything close to 1800 or 2000 square feet.

19. As such, LIFESMART's representation that the LS1000HH13 model is "[r]ated to heat an unobstructed area up to 2000 sq. ft." is false and misleading.

20. And, LIFESMART's representation that the LS-4CH-SIQT model, "heats up to an 1800 sq. ft. room" is also false and misleading.

21. Purchasers of the LifeSmart Products are likely to be misled and deceived by LIFESMART's product labeling, marketing and advertising.

22. LIFESMART's false and misleading advertising of its LifeSmart products is damaging to the reputation and goodwill of Plaintiff and is damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase the LifeSmart Products instead of Plaintiff's SeasonAire product.

23. The natural, probable and foreseeable result of LIFESMART's wrongful conduct has been to cause confusion, deception and mistake in the electric room heater market as a whole, to deprive Plaintiff of business and goodwill, and to injure Plaintiff's relationships with existing and prospective customers.

24. Plaintiff is informed and believes that LIFESMART's wrongful conduct has resulted in increased sales of its LifeSmart Products while hindering the sales of Plaintiff's SeasonAire and damaging Plaintiff's goodwill. Plaintiff has sustained and will continue to sustain damages as a result of LIFESMART's wrongful conduct.

# FIRST CLAIM FOR RELIEF

(False Advertising Under Lanham Act § 43(a), 15 U.S.C, 1125(a)

Against All Defendants)

25. Plaintiff incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein.

26. Upon information and belief Defendants have made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding the LifeSmart Products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose including, among others, the statements that the LS1000HH13 model is "[r]ated to heat an unobstructed area up to 2000 sq. ft." and the LS-4CH-SIQT model "heats up to an 1800 sq. ft. room".

27. Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's and Defendants' customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's and Defendants' customers and potential customers.

28. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

29. Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

30. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

31. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

32. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

33. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500, *et seq.*

Against All Defendants)

34. Plaintiff incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants knew or in the exercise of reasonable care should have known that their publicly disseminated statements and omissions relating to their LifeSmart Products were false or misleading. Defendants' false advertising statements and omissions have injured and continue to injure consumers and Plaintiff. Defendants' false and misleading statements include, among others, that the LS1000HH13 model is "[r]ated to heat an unobstructed area up to 2000 sq. ft." and the LS-4CH-SIQT model "heats up to an 1800 sq. ft. room".

36. By making such false and/or misleading statements, Defendants have engaged in false advertising in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §17500, *et seq.*

37. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

## THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition — Cal. Bus. & Prof. Code §17200, *et seq.*

Against All Defendants)

38. Plaintiff incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein.

39. Defendants have made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the nature, quality, and characteristics of the LifeSmart Products with the intent of selling, distributing, and increasing the purchases of, and interest in, their LifeSmart Products. Defendants' false and misleading statements include, among others, that the LS1000HH13 model is "[r]ated to heat an unobstructed area up to 2000 sq. ft." and the LS-4CH-SIQT model "heats up to an 1800 sq. ft. room".

40. Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §17200, *et seq.*

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good will with its existing, former and potential customers. Defendants' conduct has also caused damage to consumers.

42. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion and deception of existing and potential customers, and diminution of the value of Plaintiff's SeasonAire. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

43. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to the LifeSmart Products and/or violating Lanham Act § 43(a), Cal. Bus. & Prof. Code §17200, *et seq.*, and/or Cal. Bus. & Prof. Code §17500, *et seq.*, which relief includes, but is not limited to, removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

2. For an order requiring Defendants to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of the LifeSmart Products, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of the LifeSmart Products.

4. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code §17200, *et seq*.

5. That Defendants be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code §17500, *et seq*.

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7. That Plaintiff be awarded the profits obtained by Defendants as a consequence of Defendants' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in violation of Lanham Act § 43(a).

9. That Plaintiff recovers its costs and reasonable attorneys' fees.

10. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. §1118.

11. That Plaintiff be granted prejudgment and post judgment interest.

12. That Plaintiff has such other and further relief as the Court deems just and proper.

DATED: July 14, 2014                           VENABLE LLP

                                               By: /s/ Daniel S. Silverman
                                                   Daniel S. Silverman
                                                   Bety Javidzad
                                               Attorneys for Plaintiff
                                               PRESSER DIRECT, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

DATED:  July 14, 2014              VENABLE LLP


                                   By:  /s/ Daniel S. Silverman
                                        Daniel S. Silverman
                                        Bety Javidzad
                                        Attorneys for Plaintiff
                                        PRESSER DIRECT, LLC

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

10

COMPLAINT

8130850-v1